O’Neill, J.
{¶ 1} Appellants, Zachary Bondurant and Jeffrey Stevens, were involved in the sale of drugs in Highland County from late 2010 until early 2011. Although the total amount of money involved in the sales attributed to each appellant was $460 and $250 respectively, they were both charged with engaging in a pattern of corrupt activity under R.C. 2923.32. Bondurant received a mandatory sentence of seven years for violating that statute, plus additional time for other drug-related convictions. Stevens received a mandatory sentence of nine years for violating that statute, plus additional time for other drug-related convictions.
{¶ 2} R.C. 2923.32 and associated statutes set forth Ohio’s version of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961— 1968, commonly referred to as the “RICO Act.” The initial purpose of the federal RICO Act, enacted in 1970, was stated to be the “elimination of the infiltration of organized crime and racketeering into legitimate organizations operating in interstate commerce.” S.Rep. No. 617, 91st Cong., 1st Sess. 76 (1969).
{¶ 3} Under Ohio’s RICO statutes, there are two reasonable interpretations regarding the monetary threshold that must be met in order to obtain a RICO conviction under R.C. 2923.32. The question before this court is whether the threshold monetary amount stated in R.C. 2923.31(I)(2)(c) ($500 as relevant to appellants’ case)[1] applies to the enterprise as a whole, or applies to the individual *248 actions of a person who is part of the enterprise. The Fourth District Court of Appeals concluded in this case that R.C. 2923.31(1)(2)(c) is ambiguous and that it is susceptible of two reasonable interpretations. We agree. However, having found the statute to be ambiguous, the Fourth District then incorrectly decided that the legislature likely intended to have the minimum threshold apply to the enterprise as a whole. Under the law in Ohio, this was an incorrect result.
{¶ 4} It is a longstanding principle of Ohio law that criminal statutes that are found to be ambiguous are to be construed in favor of the defendant. Accordingly, since we find that the Ohio RICO statute applicable here is ambiguous in that the interpretation that favors the defendants is reasonable, we must interpret the statute in favor of appellants. That means that the minimum threshold found in R.C. 2923.31(I)(2)(c) must be applied to each individual within the enterprise and not to the enterprise as a whole. In essence, unless a person is involved in transactions on behalf of the enterprise in an amount equal to or greater than the statutory threshold, that person is not susceptible to being prosecuted under the Ohio RICO statutes. The person can still be prosecuted for the underlying drug charges, as the defendants were in this case, but the defendants’ first-degree felony convictions under Ohio’s RICO statutes must be overturned.
Facts and Procedural History
{¶ 5} Over the course of several months, the Highland County Sheriffs Department and the U.S. 23 Pipeline Task Force engaged in a prolonged investigation into drug activity centered in and around Highland County. That investigation revealed what the prosecution referred to as a “drug ring” that was headed by a man named Rodger Cassell and that included both Stevens and Bondurant. There were allegedly a total of nine individuals involved. Both Stevens and Bondurant were charged with engaging in a pattern of corrupt activity. Stevens was also charged with eight counts of trafficking in drugs and eight counts of possession of drugs. Bondurant was charged with six counts of possession of drugs and six counts of trafficking in drugs in a school zone. Both appellants entered pleas of not guilty, and a joint jury trial proceeded against both men.
{¶ 6} After the state presented its case, both men moved for acquittals under Crim.R. 29 as to the corrupt-activity charges, arguing that the $500 threshold set forth in former R.C. 2923.31(I)(2)(c) had not been satisfied as to either of them individually. The trial court overruled appellants’ motions, reasoning that “it would not make sense” to let individuals escape punishment for engaging in a pattern of corrupt activity because they personally never dealt in transactions *249 involving total sales of over $500, although the enterprise they were involved in profited significantly. The jury returned guilty verdicts on all charges against both appellants. For purposes of this appeal, we are concerned only with the convictions for engaging in a pattern of corrupt activity under Ohio’s RICO Act.
{¶ 7} Appellants filed separate appeals in the Fourth District Court of Appeals. The key issue raised by both men was a challenge to their convictions under Ohio’s RICO statutes. The principal argument that each made was that the state failed to offer evidence demonstrating that either of them was involved in drug sales that totaled $500 or more. The state in essence argued in response that it was sufficient to prove that the total amount of drug sales attributable to the enterprise as a whole was over $500. The state at trial had produced evidence that the total sales of the enterprise were well over $35,000. However, the evidence of actual sales offered by the state attributable to Stevens had amounted to about $250, and the state’s evidence offered with respect to Bondurant had attributed $460 worth of drug sales to him. Thus, neither appellant, during the time period covered by the extended investigation, was shown to have engaged in total drug sales of $500 or more.
{¶ 8} After the court of appeals affirmed the convictions and sentences in a consolidated opinion, we accepted each appellant’s discretionary appeal. 134 Ohio St.3d 1467, 2013-Ohio-553, 983 N.E.2d 367.
Analysis
{¶ 9} R.C. 2923.32(A)(1) provides: “No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.”
{¶ 10} The key focus of our analysis is R.C. 2923.31(I)(2)(c), which at the time applicable to this case defined “corrupt activity” as “engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in * * * conduct constituting” certain predicate offenses
when the proceeds of the violation, the payments made in the violation, the amount of a claim for payment or for any other benefit that is false or deceptive and that is involved in the violation, or the value of the contraband or other property illegally possessed, sold, or purchased in the violation exceeds five hundred dollars [now one thousand dollars], or any combination of violations described in division (I)(2)(c) of this section when the total proceeds of the combination of violations, payments made in the combination of violations, amount of the claims for payment or for other benefits that is false or deceptive and that is involved in the *250 combination of violations, or value of the contraband or other property illegally possessed, sold, or purchased in the combination of violations exceeds five hundred dollars [now one thousand dollars].
(Emphasis added.)
{¶ 11} The legislature’s continued use of the phrase “combination of violations” in this statute is ambiguous as it could be read to apply to more than one violation for an individual, or it could be read to refer to the total violations of the entire enterprise. Within the context of this statute, it is susceptible of more than one reasonable interpretation. See State v. Jordan, 89 Ohio St.3d 488, 491-492, 733 N.E.2d 601 (2000). This ambiguity is the crux of this case.
{¶ 12} We are guided by the rules of statutory interpretation as codified in the rule of lenity, R.C. 2901.04(A). There, the legislature has made it clear that “sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.” This court has stated that the rule of lenity requires that a court “not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous.” State v. Elmore, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38. Additionally, the Supreme Court of the United States has stated that in accordance with the principles of lenity, an ambiguous criminal statute must be construed in favor of the defendant. Rewis v. United States, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971). Accord United States v. Santos, 553 U.S. 507, 514, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008). Yet, the Fourth District in this case did exactly the opposite. Instead of construing this ambiguous statute in favor of the reasonable construction offered by the defendants, it construed it in favor of the state. After determining that the statute was ambiguous, the appellate court went on to determine the legislature’s intent in drafting the statute. It concluded that the Ohio RICO Act was applicable to both appellants even though neither one was involved in total sales amounting to $500 or more. The court concluded that the legislature must have intended for the $500 threshold to apply to the group rather than individuals within the group because the focus of the RICO statutes is on group conduct and group success. 2012-Ohio-4912, 982 N.E.2d 1261, ¶ 23 (4th Dist.).
{¶ 13} However, the Fourth District Court of Appeals’ decision to evaluate the legislative intent in drafting R.C. 2923.31(I)(2)(c) was contrary to established law. Once it determined that the statute is ambiguous in that the appellants’ proposed interpretation is reasonable, the analysis should have ended and the ambiguity should have been construed in favor of appellants.
{¶ 14} Appellants’ proposed interpretation is clearly reasonable. R.C. 2923.32(A)(1) uses the singular word “person” to refer to one who engages in a *251 pattern of corrupt activity. And there is nothing in R.C. 2923.31(I)(2)(c) that definitively overcomes the carrying over of the individual connotation of that word into the statement of the threshold amount contained within the definition of “corrupt activity.” Hence, the threshold set forth in Ohio’s RICO Act should have been applied to each individual rather than to the enterprise as a whole.
{¶ 15} It seems doubtful that the legislature intended to hold even small-time drug dealers liable for a first-degree felony through the operation of R.C. 2923.32(A)(1) and 2923.31(I)(2)(c). Should an 18-year-old high school senior who sells $10 worth of marijuana to classmates be prosecuted as a first-degree felon under the Ohio RICO Act merely because the drugs could be traced back to a multibillion-dollar Colombian drug cartel? How would this put a damper on organized crime in Ohio? That student is acting as an individual, and his conviction and punishment would have no discernable effect on the fight against organized crime. The RICO laws were enacted to punish the enterprise and those controlling the enterprise, not the petty criminals. To that end, it is reasonable to deduce that the intent underlying R.C. 2923.31(I)(2)(c) is to provide a threshold amount that must be exceeded by an individual before that person can be found to have engaged in “corrupt activity.”
{¶ 16} There are already laws in place prohibiting the sale of illegal narcotics. Thus, the purpose of the Ohio RICO Act would not be furthered by accepting the conclusion that the threshold amount set forth in R.C. 2923.31(I)(2)(c) applies to the activities of the enterprise as a whole. The obvious intent of the General Assembly in enacting the RICO statutes was to reduce the influence and power of organized crime in the state. But construing Ohio’s RICO Act in accordance with the analysis conducted by the appellate court below would punish someone who is not acting in an organized fashion and who would therefore seem to be beyond the reach of the Ohio RICO statutes through the operation of R.C. 2923.31(I)(2)(c).
{¶ 17} Although the above considerations illustrate the reasonableness of appellants’ proposed construction of R.C. 2923.31(I)(2)(c), our resolution of this case does not rest on those concerns. Construing the ambiguity in favor of appellants requires us to reverse their convictions under the Ohio RICO Act. If this is not the outcome intended by the legislature, that body is certainly capable of amending R.C. 2923.31(I)(2)(c) to make its meaning clear for purposes of future prosecutions.
Conclusion
{¶ 18} Based upon the foregoing analysis, we conclude that in order to obtain a conviction for engaging in a pattern of corrupt activity, R.C. 2923.31(I)(2)(c) and 2923.32(A) must be construed so that the stated threshold amount applies to each individual, and not to the enterprise as a whole. The judgment of the court of *252 appeals is reversed, and the causes are remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and causes remanded.
Pfeifer and Lanzinger, JJ., concur.
French, J., concurs in judgment only.
O’Donnell and Kennedy, JJ., concur in part and dissent in part.
O’Connor, C.J., dissents.

. R.C. 2923.31(I)(2)(e) has since been amended to change the threshold amount from $500 to $1,000. 2011 Am.Sub.H.B. No. 86. Our analysis in this case concerns the nature of the threshold and is not *248 dependent on the statutory amount, so our conclusion applies with equal force to the current version of the statute.