[Cite as *State v. Miller*, 2019-Ohio-4239.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA9 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| BRANDY N. MILLER, | : | |
| Defendant-Appellant. | : | **RELEASED 10/09/2019** |

_____
<u>APPEARANCES</u>:

Angela Miller, Jupiter, Florida, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, Ironton, Ohio, for appellee.
_____
Hess, J.

{¶1}   Brandy Miller appeals her conviction, following a guilty plea, for complicity to aggravated murder.  Miller contends that her guilty plea was not knowing or intelligent because the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and determine whether she understood the nature of the charge.  However, the totality of the circumstances were such that the trial court was warranted in making a determination that Miller understood the charge.  Thus, we reject this argument.

{¶2}   Miller also contends that trial counsel provided ineffective assistance by advising her to plead guilty without explaining the nature of the charge.  However, Miller points to nothing in the record that demonstrates counsel failed to explain the nature of the charge to her or made a mistake in doing so.  Even if counsel's performance had been deficient, Miller failed to demonstrate a reasonable probability that but for the

deficient performance, she would not have pleaded guilty and would have insisted on going to trial. Thus, we reject this argument and affirm the trial court's judgment.

## I. FACTS

{¶3} The Lawrence County grand jury indicted Miller on one count of complicity to aggravated murder, one count of complicity to kidnapping, and one count of tampering with evidence in connection with the death of Larry Stephenson. Miller initially pleaded not guilty. Later, she pleaded guilty to the complicity to aggravated murder charge, and the state nolled the remaining counts. Miller executed a "Proceeding on Plea of Guilty" form, and the court conducted a change of plea hearing and engaged in a colloquy with her. The court asked whether Miller had signed the form and whether the answers she had given were "truthful to the best of [her] knowledge." Miller responded in the affirmative. The trial court then stated:

> Alright. Let me read this indictment. Brandy Miller, on or about December 1, 2017 through December 2, 2017, in Lawrence County, Ohio. Acting with the kind of culpability required for the commission of an offense did knowingly aid or abet Russell Adkins, in committing a violation of Section 2903.01(B), of the Ohio Revised Code, Aggravated Murder. In violation also of Section 2923.03 and 2903.01(B), over all [sic] then it is a charge of Complicity to Aggravated Murder and [sic] unclassified felony.

Later, the trial court asked whether Miller was "under the influence of any alcohol, drug or substance of abuse that would interfere with [her] ability to understand these proceedings today." Miller responded in the negative.

{¶4} At the sentencing hearing, defense counsel stated that Miller

> did not intended [sic] for Larry Stevenson to meet his death. The co-defendant Russell Adkins, was actually the one that applied the physical force and beat Mr. Stevenson, took him out and left him in a house where he passed away. * * * Um as I said Ms. Miller didn't intend for her live in boyfriend, Mr. Stevenson to meet his death. When Russell Adkins walked through the door of the home she shared with Mr. Stevenson. It was

almost as if a switch was flipped on Mr. Adkins and he proceeded to pummel, assail and beat Mr. Stevenson. Ms. Miller in no way participated in that. Did not intend for an assault and certainly not for a death to happen. We would ask that you take and adopt our agreed resolution in this case. This allows Ms. Miller to be punished. I don't think it demeans the seriousness of the offense. It will allow her to have some life time.

The trial court imposed the jointly recommended sentence of life in prison with parole eligibility after 20 years.

## II. ASSIGNMENTS OF ERROR

{¶5} Miller assigns the following errors for our review:

I. Appellant's guilty plea was obtained in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution and Crim.R. 11(C).

II. Appellant Miller was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when her counsel advised her to plead guilty to the charge of complicity to aggravated murder.

## III. CRIM.R. 11(C)(2)(a)

{¶6} In the first assignment of error, Miller contends that her guilty plea was not knowing or intelligent, in violation of her due process rights, because the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and determine whether she understood the nature of the complicity to aggravated murder charge. Miller asserts that the form she signed did not set forth the law in relation to the facts, that her attorney never stated on the record that he reviewed the facts and law with her, and that the trial court did not explicitly ask whether she understood the charge. She also asserts that the trial court misinformed her about the requisite mens rea for complicity to aggravated murder by repeating an error in the indictment, which stated the mens rea was knowingly rather than purposely. Miller maintains that if she had understood the charge, she would not

have pleaded guilty as evidenced by the fact that during the sentencing hearing, defense counsel represented that she never intended for the victim to die, which indicates that she did not act purposely.

{¶7}   " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' "  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  "In determining whether a guilty * * * plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards."  *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11.  " '[A] plea does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." ' "  *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 42, *reconsideration granted in part and opinion modified on other grounds,* 147 Ohio St.3d 1438, 2016-Ohio-7677, 63 N.E.3d 157, quoting *Bousley v. U.S.*, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941).

{¶8}   "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty * * *."  *Veney* at ¶ 8.  Relevant here, Crim.R. 11(C)(2)(a) provides that before accepting a guilty plea, the trial court must address the defendant personally and determine "that the defendant is making the plea * * * with understanding

of the nature of the charges * * *." "Substantial compliance with Crim.R. 11(C)(2)(a) * * * is sufficient for a valid plea because [it does] not involve constitutional rights." *Willison* at ¶ 13, citing *Veney* at ¶ 14. " ' "Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of [the] plea and the rights * * * waived." ' " *Id.*, quoting *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010-Ohio-5215, ¶ 13, quoting *State v. Vinson*, 10th Dist. Franklin No. 08AP-903, 2009-Ohio-3240, ¶ 6.

{¶9} In *State v. Cassell*, 4th Dist. Highland No. 16CA15, 2017-Ohio-769, we explained:

> Substantial compliance with Crim.R. 11(C)(2)(a) does not necessarily require a detailed recitation of the elements of a charge by the court. *State v. Wright*, 4th Dist. Highland No. 94CA853, 1995 WL 368319, *4 (Jun. 19, 1995). "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist. 1982).

*Id.* at ¶ 33.

{¶10} Here, the totality of the circumstances were such that the trial court was warranted in making a determination that Miller understood the charge of complicity to aggravated murder. During the change of plea hearing, the trial court personally addressed Miller and inquired about the form Miller had executed prior to the hearing. In the form, Miller answered questions indicating that counsel had explained the elements of the offense to her, that she understood the nature of the charge, that she and her attorney believed there was a factual basis for the guilty plea, and that neither

she nor her attorney had any competent evidence to offer to show that she was not guilty. The trial court obtained Miller's assurance that she signed the form and that her answers were truthful to the best of her knowledge. The trial court explained the complicity to aggravated murder charge, essentially reading the language of the indictment. The trial court also obtained Miller's assurance that she was not under the influence of any substance that would interfere with her ability to understand the proceedings.

**{¶11}** The contention that Miller's plea was not knowing or intelligent because the trial court repeated the indictment's use of the term "knowingly" is not well-taken. The complicity statute, R.C. 2923.03(A)(2), states: "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]" The statute "does not specify any culpable mental state, but requires the person to act with the kind of culpability required for the commission of an offense when aiding or abetting others in committing the offense." *State v. Brown*, 2d Dist. Greene No. 10CA0044, 2011-Ohio-1124, ¶ 20. The aggravated murder statute, R.C. 2903.01(B), states: "No person shall purposely cause the death of another * * * while committing or attempting to commit, * * * kidnapping[.]" Thus, in this instance, the "kind of culpability required for the commission of an offense" for purposes of the complicity statute was purposely. However, the indictment alleged that Miller both (1) acted "with the kind of culpability required for the commission of an offense," i.e. aggravated murder in violation of R.C. 2301.01(B), and (2) acted "knowingly."

**{¶12}** Here, even if the term "knowingly" were stricken from the indictment, the remaining description of the complicity offense would still be sufficient to provide Miller

adequate notice of the charge.  R.C. 2923.03(F) states, "A charge of complicity *may be stated in terms of this section*, or in terms of the principal offense."  (Emphasis added.) Even though R.C. 2923.03(A)(2) does not explicitly identify a culpable mental state, "[a]n indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state."  *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, paragraph one of the syllabus.  Such an indictment "provides the defendant with adequate notice of the charges * * * and is therefore, not defective."  *Id.* at ¶ 45.

{¶13} The term "knowingly" was mere surplusage, i.e., " ' "an averment which may be stricken, leaving sufficient description of the offense." ' "  *State v. Berecz*, 4th Dist. Washington No. 08CA48, 2010-Ohio-285, ¶ 24, quoting *State v. Kittle*, 4th Dist. Athens No. 04CA41, 2005-Ohio-3198, ¶ 15, quoting *State v. Bush*, 83 Ohio Misc.2d 61, 65, 679 N.E.2d 747 (1996).  The indictment stated the charge at issue in terms of R.C. 2923.03(A)(2) and also identified by name and numeral reference the specific offense that Miller was alleged to have aided and abetted Adkins in committing—aggravated murder in violation R.C. 2903.01(B).  This information gave Miller adequate notice of the complicity to aggravated murder charge despite the unnecessary inclusion of the term "knowingly."  *See generally Brown* at ¶ 4, 16, 21 (indictment was not defective and provided adequate notice of the charges where it charged complicity offenses by tracking the language of R.C. 2923.03(A)(2), identified by numeral reference the specific offense the defendant was alleged to have aided and abetted others in committing, and the referenced statute included the culpable mental state); R.C. 2941.08(I) ("An

indictment * * * is not made invalid * * * [f]or surplusage or repugnant allegations when there is sufficient matter alleged to indicate the crime and person charged").

{¶14} Defense counsel's statements during the sentencing hearing did not obligate the trial court to conclude that counsel did not understand the charge or incorrectly explained it to Miller prior to the change of plea hearing. Counsel's statements primarily emphasize the fact that Miller was not the principal offender and that the initial attack on the victim was not premeditated. Even if we construed these statements as a denial that Miller acted with the requisite mens rea for complicity to aggravated murder, they do not necessarily imply a failure to understand that element of the offense. *See generally State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 62 (rejecting claim that defendant did not understand the aggravated murder charges he pleaded guilty to in part because his statements during the penalty phase of the proceeding "*denying* that he acted with purpose or prior calculation and design * * * do not necessarily imply a failure to *understand* those elements"). (Emphasis sic.) Counsel's statements may have been a strategy to minimize Miller's conduct to persuade the trial court to impose the jointly recommended sentence instead of a more severe sentence.

{¶15} Accordingly, we conclude the trial court substantially complied with Crim.R. 11(C)(2)(a) and overrule the first assignment of error.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

{¶16} In the second assignment of error, Miller contends that trial counsel provided ineffective assistance by advising her to plead guilty without explaining the nature of the complicity to aggravated murder charge, particularly the requisite mens

rea.  Miller maintains that counsel's deficient performance is evidenced by the fact that she pleaded guilty to a defective indictment and by counsel's statements during the sentencing hearing.  Miller asserts that she was prejudiced by counsel's deficient performance because there is "a reasonable probability that but for counsel's erroneous advice she would not have entered the guilty plea but would have insisted on proceeding to trial."

{¶17} To prevail on an ineffective assistance claim, Miller must show: "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."  *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to satisfy either part of the test is fatal to the claim.  *See Strickland* at 697.  Miller has the burden of proof "because in Ohio, a properly licensed attorney is presumed competent."  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62.  In reviewing an ineffective assistance claim, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "  *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.E. 83 (1955).

{¶18} Here, counsel's performance was not deficient.  Miller points to nothing in the record that demonstrates that counsel did not explain the nature of the complicity to aggravated murder charge to her or made a mistake in doing so.  Rather, the record

reflects that Miller signed a form indicating that counsel did explain the elements of the offense to her and that she understood the nature of the charge, and she told the trial court that those statements were true to the best of her knowledge. In addition, as explained in the previous section, Miller did not plead guilty to a defective indictment, and counsel's statements at the sentencing hearing may have been part of a strategy to obtain a lenient sentence.

{¶19} Moreover, even if counsel's performance had been deficient, Miller has not demonstrated prejudice. In its answer to Miller's demand for discovery, the state disclosed evidence that Miller admitted to law enforcement that after Adkins assaulted the victim, the victim was unconscious and bleeding. Miller also admitted that she helped Adkins put the victim in the back of a truck, told Adkins to "make sure he's dead and never comes back," cleaned up blood from the scene of the assault, and made a missing person report "to cover everything up." Although defense counsel stated during sentencing that Miller did not intend for the victim to die, counsel did not articulate any facts that demonstrated another intent Miller had when she assisted Adkins and told him to make sure the victim died instead of obtaining medical assistance for the victim. Based on this record, there is not a reasonable probability that, but for counsel's alleged failure to explain the offense of complicity to aggravated murder, Miller would not have pleaded guilty and would have insisted on going to trial.

{¶20} Accordingly, trial counsel did not provide ineffective assistance. We overrule the second assignment of error.

## V. CONCLUSION

{¶21} Having overruled the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Abele, J., dissenting:

{¶22} In the case sub judice, appellant, pursuant to a plea agreement, pleaded guilty to the charge of complicity to aggravated murder. The trial court imposed the recommended sentence of life in prison with parole eligibility after twenty years.

{¶23} Appellant asserts that her guilty plea was involuntary because (1) she was not asked if she understood the charge, (2) counsel did not state on the record that he reviewed the facts and the law with appellant, (3) the guilty plea form that appellant signed does not set forth the law in relation to the facts, and (4) the mens rea element set forth in appellant's indictment (knowingly) is erroneous, and, thus, should invalidate her plea. In particular, appellant argues that she had been misinformed as to the specific and applicable mens rea element when the trial court informed her that complicity to aggravated murder required that she act "knowingly," when, instead, the mens rea for aggravated murder is "purposely," a higher degree of mental culpability. The state maintains, however, that although the mens rea for the act of aggravated murder is indeed purposefully, the mens rea for the act of aiding and abetting is knowingly and in its view, the indictment properly set forth this element.

{¶24} The sufficiency of an indictment is subject to the requirements of Crim.R. 7 and the constitutional protections of the Ohio and federal Constitution. Criminal defendants must receive adequate notice of the charge. *See State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 7-8. The Supreme Court of Ohio has held that an indictment "meets constitutional requirements if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in

bar of future prosecutions for the same offense.'" *State v. Childs,* 88 Ohio St.3d 558, 565, 728 N.E.2d 379 (2000), citations omitted. An indictment must charge a criminal offense "'with reasonable certainty * * * so as to apprise the defendant of that which he may expect to meet and be required to answer; so that the court and jury may know what they are to try, and the court may determine without unreasonable difficulty what evidence is admissible.'" *State v. Horner,* 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 10, quoting *Horton v. State*, 85 Ohio St. 13, 19, 96 N.E.797 (1911).

{¶25} In the case sub judice, appellant pleaded guilty to the crime of complicity to aggravated murder in violation of R.C. 2923.03/2903.01(B). The indictment provides: "acting with the kind of culpability required for the commission of an offense, did, knowingly, aid or abet Russell Adkins in committing a violation of Section 2903.01(B) of the Ohio Revised Code, Aggravated Murder, in violation of Section 2923.03/2903.01(B) of the Ohio Revised Code."

{¶26} Under Ohio law, a defendant can be convicted under a theory of accomplice liability if he or she "act[s] with the kind of culpability required for the commission of an offense." R.C. 2923.03(A). A person guilty of complicity "shall be prosecuted and punished as if he were a principal offender." R.C. 2923.03(F). Thus, "to support a conviction for complicity * * * the evidence must show * * * that the defendant shared the criminal intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796, 801 (2001). Ohio courts have held that purpose is an essential element of the crime of aggravated murder, and that complicity by aiding and abetting requires that the defendant share the intent of the principal. See *State v. Schaeffer*, 3d Dist. Seneca No. 13-14-34, 2015-Ohio-3531 (for complicity to aggravated murder the state had to

show intent to purposely cause the victim's death); *State v. Herring,* 94 Ohio St.3d 246, 249-250, 2002-Ohio-796, 762 N.E.2d 940. Aiding or abetting may be shown through support, encouragement or assistance, but the defendant must share the criminal intent of the principal to establish complicity. *Johnson, supra.*

**{¶27}** Therefore, because the indictment in the case at bar set forth the mens rea for complicity to aggravated murder as "knowingly" rather than "purposely," I believe that the indictment is defective. Thus, appellant appears to have pleaded guilty to a crime that incorporated a lesser mens rea than the crime actually requires. This is further underscored by the fact that at sentencing, appellant's trial counsel stated three times that appellant did not "intend" for her live-in boyfriend and victim to die by her actions. The United States Supreme Court has held that a "'universally recognized requirement of due process'" is the requirement that the defendant receive 'real notice of the true nature of the charge against him [or her].'" *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Thus, I believe that because appellant's counsel (and the trial court) did not properly and accurately advise the appellant concerning the *mens rea* element of the crime, trial counsel's performance was deficient and resulted in prejudice to the appellant, (a reasonable probability exists that, but for counsel's errors, appellant would not have pleaded guilty and would have insisted on going to trial). *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶28}** Here, appellant appears to have been misinformed about the elements required for the crime of complicity to aggravated murder. Also, the record does not demonstrate that counsel discussed the law and its application to appellant's case at

the change of plea hearing or when signing the written plea agreement. Thus, it also appears that appellant could not have understood the precise nature of the charge to which she pled guilty. A plea cannot be voluntary, in the sense that it constitutes an intelligent admission that the defendant committed an offense, unless the defendant received "'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Henderson, supra,* 426 U.S. at 645, quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941). A plea may be involuntary because the accused "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense." *State v. Davis,* 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 27, citing *Henderso*n, 426 U.S. at 645, at fn.13.

{¶29} Accordingly, based upon the foregoing reasons, I believe that the judgment of conviction and sentence should be reversed and this cause remanded for further proceedings so that the prosecution of this matter may begin anew.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Dissents with Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**