**S.B. CARTS, INC. et al., Appellants,**

**v.**

**PUT–IN–BAY, Appellee.**

[Cite as *S.B. Carts, Inc. v. Put–in–Bay,* 161 Ohio App.3d 691, 2005-Ohio-3065.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–04–039.

Decided June 17, 2005.

William Travis McIntyre, for appellant.

Mark I. Wallach and William J. Michael, for appellee.

PARISH, Judge.

{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas that granted summary judgment in favor of appellee village of Put–in–Bay, Ohio. For the reasons that follow, this court affirms the judgment of the trial court.

{¶ 2} Appellants set forth a single assignment of error:

{¶ 3} "The Trial Court erred in granting Defendant's Motion for Summary Judgment against Plaintiffs."

{¶ 4} In 1995, the village of Put–in–Bay passed Put–in–Bay Codified Ordinances 858.01. The ordinance, which is the subject of this appeal, requires "owners of vehicles used for the transportation of persons or property for hire and for use within the Village" to pay an annual "license fee" for each vehicle. Ordinance 858.01(a). The amount of the "license fee" varies according to the type of vehicle. Relevant to this appeal are fees of $10 per bicycle, $35 per golf cart, and $150 per taxicab. Revenue from Ordinance 858.01 is paid into the "Public Service Street Repair Fund" and is used "for the sole purpose of repairing streets, avenues, alleys and lanes within the Village of Put–in–Bay." Ordinance 858.01(b). In addition to the aforementioned "license fee," all businesses are required to pay a $100 yearly fee to operate within the village.

{¶ 5} In March 2002, appellants filed a complaint for injunctive relief and declaratory judgment in the trial court in which they claimed that Ordinance 858.01 created a tax, not a license fee. They argued that the village of Put–in–Bay lacks the authority to levy such a tax in addition to the maximum vehicle-license fees already permitted under R.C. 4504.02, 4504.06, 4504.16, and 4504.17 for constructing, improving, and maintaining public roads. Appellants asserted that the tax, although "levied in the guise of a license fee," is actually an additional license tax beyond that permitted by the state legislature and therefore unenforceable. Further, appellants argued that the tax, even if permissible under Ohio law, violates the Equal Protection Clause by creating classifications that have no reasonable basis among vehicle types and various business owners. Appellants asked for a refund of any involuntarily paid taxes if those taxes are deemed improper and for unspecified injunctive relief.

{¶ 6} The parties subsequently agreed there were no issues of material fact in dispute and that the matter could be resolved by the court after they submitted cross-motions for summary judgment. In its decision filed August 2, 2002, the trial court found that the fees collected pursuant to Ordinance 858.01 were intended to generate revenue for the village and were not a license but an unlawful tax. The trial court granted judgment to appellants without addressing the constitutionality of the ordinance.

{¶ 7} The trial court indicated that the matter would be set for hearing as to the recovery of taxes paid, but on May 3, 2004, the parties waived a damages hearing and stipulated to the amount that appellants had paid the village pursuant to Ordinance 858.01 within one year of filing their complaint. Two days later, however, appellees filed a motion for reconsideration of the entire matter. The trial court agreed that the matter should be reconsidered and, on June 23, 2004, reversed its earlier holding and found that Ordinance 858.01, while a tax, is nevertheless a valid exercise of the village's home-rule authority and not unconstitutional.

{¶ 8} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 9} There are two questions before us. First, is appellee prevented by Ohio law from imposing this tax upon businesses with vehicles for hire? Second, does the tax violate the Equal Protection Clauses of the Ohio and United States Constitutions?

{¶ 10} Appellants assert that the tax is unconstitutional because the burden falls only on those ten to 12 businesses with vehicles for hire, while the remaining village businesses pay only the $100 "business tax" annually. Appellants further assert that the state preempted the village's authority to impose the tax by enacting R.C. 4503.04, which authorizes a vehicle-registration tax, and R.C. 4504.17, which authorizes an additional municipal license tax of $5 per motor vehicle. Appellants assert that appellee is prohibited by those statutes from levying additional taxes as license fees on vehicles within the village.

{¶ 11} With regard to the village's authority to impose the tax, we note that the Home Rule Amendment, Section 3, Article XVIII of the Ohio Constitution, confers sovereignty upon municipalities to "exercise all powers of local self-government." The Supreme Court of Ohio stated in *State ex rel. Zielonka v. Carrel* (1919), 99 Ohio St. 220, 227, 124 N.E. 134, "There can be no doubt that the grant of authority to exercise all powers of local government includes the power of taxation, for without this power local government in cities could not exist for a day." In *Cincinnati Bell Tel. Co. v. Cincinnati* (1998), 81 Ohio St.3d 599, 693 N.E.2d 212, the Supreme Court of Ohio considered whether several municipalities were preempted by R.C. 5727.30 et seq. from imposing a net-profits tax on corporations conducting business in each municipality. In upholding the tax, the Ohio Supreme Court concluded that "a tax enacted by a municipality pursuant to its taxing power is valid in the absence of an *express statutory prohibition* of the exercise of such power by the General Assembly." (Emphasis added.) *Cincinnati Bell Tel.*, 81 Ohio St.3d. at 601, 693 N.E.2d 212. The court in *Cincinnati Bell* further noted, however, that the Constitution also gives the General Assembly the power to limit municipal taxing authority "so as to prevent the abuse of such power." Id. at 602, 693 N.E.2d 212, quoting Section 6, Article XIII of the Ohio Constitution. While there do exist provisions allowing the General Assembly to limit the exercise of municipal taxing power, *Cincinnati Bell Co.*, 81 Ohio St.3d at 605, 693 N.E.2d 212, those provisions must be interpreted *in a manner consistent with the purpose of home rule.* Id. The court in *Cincinnati Bell* reasoned that the exercise of the power to levy taxes for municipal purposes "is to be considered in all respects valid, unless the General Assembly has acted affirmatively by exercising its constitutional prerogative." Id. at 606, 693 N.E.2d 212.

{¶ 12} We have examined the Revised Code sections cited by appellant and do not find any express statutory prohibition of the tax imposed by Ordinance 858.01 as contemplated by the Ohio Supreme Court in *Cincinnati Bell Tel.* While the legislature of this state authorized certain vehicle-license taxes (see R.C. 4503.04 and 4504.17) as discussed above, it has not acted affirmatively to limit a municipality's authority to impose a special tax on vehicles for hire. Accordingly, we find that Ordinance 858.01 is a valid exercise of the village's taxing power.

{¶ 13} We next consider the constitutionality of the ordinance. In the exercise of their taxing powers, the municipalities and the state are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. However, the clause imposes no iron rule of equality prohibiting the flexibility and variety appropriate to reasonable schemes of taxation. *Allied Stores of Ohio, Inc. v. Bowers* (1959), 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480. Further, the United States Supreme Court has held that "state tax classifications require only a rational basis to satisfy the Equal Protection Clause." *Gen. Motors Corp. v. Tracy* (1997), 519 U.S. 278, 311, 117 S.Ct. 811, 136 L.Ed.2d 761.

{¶ 14} The Supreme Court of Ohio stated in *Natl. Tube Co. v. Peck* (1953), 159 Ohio St. 98, 107, 50 O.O. 74, 111 N.E.2d 11, "The equal protection clause does not require the state to maintain a rigid rule of equal taxation, to resort to close distinctions, or to maintain a precise scientific uniformity; and possible differences in tax burdens not shown to be substantial or which are based on discriminations not shown to be arbitrary or capricious, do not fall within constitutional prohibitions." Citing *Lawrence v. State Tax Comm. of Mississippi* (1932), 286 U.S. 276, 284, 52 S.Ct. 556, 76 L.Ed. 1102.

{¶ 15} The proceeds from Ordinance 858.01 are placed in an account used for the repair of the village streets. The vehicles for hire that are taxed by appellee and owned by appellants are rented to the public specifically for use on the village streets. Appellee has asserted that the ordinance is a result of an attempt to tax vehicles based on their impact upon village roads and that the many vehicles for hire use the roads more often than other commercial and noncommercial vehicles that are not taxed pursuant to the ordinance. Appellants herein are owners of such vehicles as golf carts, bicycles, and taxicabs, all of which are in frequent use on the village streets for several months each year. Other vehicles for which owners must pay a tax pursuant to the ordinance include buses, mopeds, and rental cars. Essentially, the only vehicles not subjected to Ordinance 858.01 are delivery trucks and private automobiles. We find that there is a rational basis for Ordinance 858.01 and that it does not violate the Equal Protection Clauses of the Ohio or the United States Constitutions.

{¶ 16} Based on the foregoing, we find that appellee was entitled to judgment as a matter of law, and appellants' sole assignment of error is not well taken.

{¶ 17} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed equally to appellants.

Judgment affirmed.

HANDWORK and PIETRYKOWSKI, JJ., concur.