[Cite as *Columbus v. Mitchell*, 2016-Ohio-7873.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | No. 16AP-322 |
| | | (M.C. No. 2015ERB74646) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Russell Mitchell, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 22, 2016

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, *Lara N. Baker*, and *Melanie R. Tobias*, for appellee. **Argued:** *Melanie R. Tobias.*

**On brief:** *Riddell Law, LLC, Bridget Purdue Riddell,* and *Douglas Riddell*, for appellant. **Argued:** *Bridget Purdue Riddell.*

APPEAL from the Franklin County Municipal Court,
Environmental Division

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Russell Mitchell, appeals from a judgment of the Franklin County Municipal Court, Environmental Division, convicting him of improper transporting of hazardous materials, in violation of Columbus City Code 2551.06(a), a first-degree misdemeanor. For the following reasons, we affirm.

**I. Facts and Procedural Background**

{¶ 2} The pertinent facts of this case are undisputed. Mitchell is an over-the-road tractor-trailer driver. On December 14, 2015, he was transporting hazardous and non-hazardous materials westbound on Interstate 70 within the outerbelt of Columbus,

Interstate 270.  Mitchell was on route to deliver the non-hazardous materials to a location within Interstate 270, and the hazardous materials to a location in Cincinnati, Ohio.  A Columbus police officer stopped Mitchell and issued a citation to him for violating Columbus City Code 2551.06(a), which prohibits improper transporting of hazardous materials.  The matter proceeded to a trial before the court.  The court found Mitchell guilty of the offense and fined him $200 plus court costs.  Mitchell timely appeals.

## II.  Assignment of Error

{¶ 3}   Mitchell assigns the following error for our review:

> The trial court erred in construing the ambiguous language of Columbus City Code Section 2551.06(a) against Mr. Mitchell when the rule of lenity requires a court to construe criminal laws strictly against the state and in favor of the accused.

## III.  Discussion

{¶ 4}   In his sole assignment of error, Mitchell asserts the trial court erred in finding him guilty of violating Columbus City Code 2551.06(a).  According to Mitchell, the city ordinance is ambiguous and therefore must be construed in his favor to permit the transportation of hazardous materials within the city when the operator's truck also contains non-hazardous materials being delivered within the city. We disagree.

{¶ 5}   Statutory interpretation is a question of law subject to de novo appellate review.  *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13.  A court's duty is to give effect to the words used in a statute, not to delete or insert words.  *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10.  "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation.  An unambiguous statute is to be applied, not interpreted."  *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.  "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed.  Otherwise, allegations of ambiguity become self-fulfilling."  *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 11.

{¶ 6}   Ambiguity exists only if the language of a statute is susceptible of more than one reasonable interpretation.  *See, e.g.*, *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513 (1996).  If a statute is ambiguous, R.C. 1.49 provides that a court may

consider "other matters," such as the object sought to be attained and the consequences of a particular construction, to determine the intent of the legislature. *See State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, ¶ 7, citing R.C. 1.49. In the criminal context, the rule of lenity provides that statutes defining offenses or penalties shall be strictly construed against the state and liberally construed in favor of the accused. *See* Columbus City Code 2301.04(A); R.C. 2901.04(A). The "touchstone" of the rule of lenity is "statutory ambiguity." *Lewis v. United States*, 445 U.S. 55, 65 (1980). If a statute is not ambiguous, the rule of lenity does not apply. *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Absent ambiguity, the rule of lenity is not applicable to guide statutory interpretation.").

{¶ 7} At issue here is the application of Columbus City Code 2551.06(a), an ordinance prohibiting improper transporting of hazardous materials. This provision states:

> Those portions of major thoroughfares as defined in Section 2551.08(e) which lie inside Interstate 270 (the outerbelt) are conclusively presumed to be routes which go through or near heavily populated areas, therefore, the use of said routes for the transportation of the materials specified in Section 2551.05 [hazardous materials[1]] is prohibited where there is neither a point of origin nor destination (delivery point) within the city.

{¶ 8} Mitchell contends that the phrase "destination (delivery point) within the city" is not defined and is ambiguous as it relates to the type of materials being transported. Specifically, Mitchell argues the ordinance can be read to mean: "therefore, the use of said routes [BY A TRUCK] for the transportation of the materials specified in section 2551.05 is prohibited where there is neither a point of origin nor destination (delivery point) [FOR THAT TRUCK] within the city." (Bracketed language added by appellant.) (Appellant Brief at 10.) According to Mitchell, it is unclear whether the word "destination" refers to the final destination of the hazardous materials "or to a destination for the truck itself—for any load he is carrying." (Appellant Brief at 11.) Mitchell reasons

---

[1] Columbus City Code 2551.05, which is titled "Hazardous materials subject to regulation," states: "Transportation in commerce within the city of Columbus of the hazardous materials required to be placarded by 49 CFR, Part 172, Subpart F - Placarding, shall be subject to the regulations set forth in Sections 2551.06 through 2551.13 herein in addition to those regulations adopted in Sections 2551.03 and 2551.04 above."

that, based on this interpretation, he did not violate the ordinance because he had a delivery point within the city for non-hazardous materials on his truck. We are unpersuaded by his argument.

{¶ 9} The words used in Columbus City Code 2551.06(a) have a clear meaning. The ordinance prohibits the transportation of hazardous materials within Interstate 270, unless those hazardous materials being transported have a point of origin or delivery point within Interstate 270. The ordinance directly regulates the transportation of hazardous materials, not the departure or arrival of trucks, and not the transportation of non-hazardous materials. When the ordinance is read in its entirety, it is clear that the reference to the "point of origin" and "destination (delivery point)" only concerns the origin or delivery points of hazardous materials being transported. Thus, Mitchell's interpretation is inconsistent with the plain language of the ordinance. Further, because there is no ambiguity, it is unnecessary to apply the rule of lenity or any other rule of statutory construction.

{¶ 10} Because the trial court properly determined that Columbus City Code 2551.06(a) prohibited Mitchell's conduct, it was not error for the trial court to find him guilty of violating that ordinance. Accordingly, Mitchell's sole assignment of error is overruled.

## IV. Disposition

{¶ 11} Having overruled Mitchell's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court, Environmental Division.

*Judgment affirmed.*

TYACK , J., concurs.
KLATT, J., dissents.

KLATT, J., dissenting.

{¶ 12} Contrary to the view of the majority, I believe that Columbus City Code 2551.06(a) is susceptible to more than one reasonable interpretation, thereby making the ordinance ambiguous. I believe it is unclear whether the exception to the prohibition contained in the ordinance applies only when there is a point of origin or destination

within the city for hazardous materials, or if the exception also applies when there is a point of origin or destination within the city for non-hazardous materials.  Because I would find the ordinance ambiguous in this regard, I would apply the rule of lenity and construe the ordinance strictly against the state and in favor of the appellant.  Because the majority reaches a different conclusion, I respectfully dissent.

_____