[Cite as *Put-in-Bay v. Mathys*, 2019-Ohio-162.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio/Village of Put-in-Bay      Court of Appeals No. OT-18-006

     Appellant      Trial Court No. 15CR46

v.

Mark Mathys

     Appellee

and

State of Ohio/Village of Put-in-Bay      Court of Appeals No. OT-18-007

     Appellant      Trial Court No. 15CR45

v.

Islander Inn (Timothy Niese, Sr.)      **DECISION AND JUDGMENT**

     Appellee      Decided: January 18, 2019

* * * * *

Susan Keating Anderson, Solicitor, Village of Put-in-Bay, and
Benjamin Grant Chojnacki, for appellant.

Andrew R. Mayle, for appellees.

* * * * *

**LUPER SCHUSTER, J.**

{¶ 1} Plaintiff-appellant, Village of Put-in-Bay ("the village"), appeals from two judgment entries of the Ottawa County Court of Common Pleas granting the motions to dismiss of defendants-appellees, Mark Mathys and Islander Inn (collectively "appellees"). For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} On May 1, 2015, the village issued a criminal citation to Mathys and Islander Inn for an alleged violation of Section 858.01 of the Codified Ordinances of the village ("Section 858.01"). Section 858.01 imposes a "license fee" upon "owners of vehicles used for the transportation of persons or property, for hire and for use in the Village." Mathys operates a business, Islander Inn, that makes vehicles for hire available for use in the village. On January 16, 2015, the village filed criminal complaints against Mathys and Islander Inn in the village's Mayor's Court pursuant to Mathys' alleged violation of Section 858.01. Pursuant to appellees' motions, the case was transferred to the trial court on May 1, 2015.

{¶ 3} Subsequently, on July 20, 2015, appellees filed two motions to dismiss the criminal complaints, arguing that Section 858.01 is unconstitutional. More specifically, appellees argued Section 858.01 is unconstitutional because (1) it violates Article XVIII, Section 13 of the Ohio Constitution, and (2) it violates Article XII, Section 5a of the Ohio Constitution. The village filed a memorandum opposing the motions to dismiss on

2.

August 24, 2015.  Appellees then filed a reply brief on September 11, 2015 arguing Section 858.01 was in conflict with a general law of the State of Ohio.

{¶ 4} Following a November 18, 2015 hearing, the trial court granted appellees' motions to dismiss.  The trial court concluded that Section 858.01 "is for [a] similar purpose" as R.C. 4503.02, which levies an annual license tax on the operation of motor vehicles, and R.C. 4504.02, which enables counties to enact a tax of $5 per motor vehicle. (Decision & Jgmt. Entry at 2.)  The trial court determined that because Section 858.01 is for a similar purpose as laws already enacted by the state, it is therefore impermissible pursuant to *Firestone v. Cambridge*, 113 Ohio St. 57 (1925).  The trial court journalized its decision granting appellees' motions to dismiss in two January 17, 2018 decision and judgment entries.  The village timely appeals.  The cases were consolidated for purposes of appeal.

## II.  Assignments of Error

{¶ 5} The village assigns the following errors for our review:

1. The trial court committed reversible error by granting Defendant's Motion[s] to Dismiss Because the Underlying Ordinance is Unconstitutional.

2. The trial court committed reversible error by failing to apply the legal doctrines of res judicata and/or stare decisis to find that Section 858.01 of the Codified Ordinances of the Village of Put-in-Bay is a constitutional exercise of the Village of Put-in-Bay's taxing authority.

3.

### III. First Assignment of Error – Motions to Dismiss

**{¶ 6}** In its first assignment of error, the village argues the trial court erred in granting appellees' motions to dismiss. More specifically, the village argues the trial court erred in concluding Section 858.01 is unconstitutional.

**{¶ 7}** Section 858.01 provides, in pertinent part, as follows:

(a) Owners of vehicles used for the transportation of persons or property, for hire and for use within the Village, shall pay by June 15 of each year, an annual, nontransferable vehicle license fee for each vehicle as follows:

| | |
|---|---|
| (1) Buses and/or trolleys and/or self-powered trams | $300.00 |
| (2) Tour train cars and/or towed tram car/unit | $225.00 |
| (3) Taxicabs: | |
|     A. Motor-driven | $225.00 |
|     B. Horse-driven | $225.00 |
|     C. Pedicab bicycles | $50.00 |
| (4) Bicycles | $15.00 |
| (5) Motorized bicycle/mopeds | $37.50 |
| (6) Golf carts/under-speed vehicles/low-speed vehicles | $50.00 |
| (7) Rental motor vehicles/vehicles | $50.00 |

4.

(b) All moneys and receipts which are derived from the enforcement of this section shall be credited and paid into a separate fund, which fund shall be known as the Public Service Street Repair Fund. All moneys and receipts credited to such Fund shall be used for the sole purpose of repairing streets, avenues, alleys and lanes within the Village of Put-in-Bay.

{¶ 8} "The constitutionality of a statute or regulation is a question of law to be reviewed de novo." *State v. Whites Landing Fisheries, LLC*, 6th Dist. No. E-16-065, 2017-Ohio-4021, ¶ 15, citing *Thorp v. Strigari*, 155 Ohio App.3d 245, 2003-Ohio-5954, ¶ 10 (1st Dist.). "When considering the constitutionality of a statute, [a reviewing court] 'presume[s] the constitutionality of the legislation, and the party challenging the validity of the statute bears the burden of establishing beyond a reasonable doubt that the statute is unconstitutional.'" *Dayton v. State*, 151 Ohio St.3d 168, 2017-Ohio-6909, ¶ 12, quoting *Wilson v. Kasich*, 134 Ohio St.3d 221, 2012-Ohio-5367, ¶ 18. Parties have a "heavy burden" when attempting to rebut the presumption of constitutionality. *Dayton* at ¶ 12, citing *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 10 (1989).

{¶ 9} At the trial court, appellees argued Section 858.01 is unconstitutional pursuant to the Home Rule Amendment. Article XVIII, Section 3 of the Ohio Constitution, known as the Home Rule Amendment, provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

5.

**{¶ 10}** The parties dispute the appropriate analysis this court must employ in considering the Home Rule Amendment challenge to Section 858.01. Appellees urge us to follow the Supreme Court of Ohio's decision in *Ohioans for Concealed Carry, Inc. v. Clyde*, 120 Ohio St.3d 96, 2008-Ohio-4605, which outlined a three-step home-rule analysis. Those three steps are the following: (1) determine whether the ordinance at issue involves an exercise of local self-government or of local police power; (2) if the ordinance is an exercise of police power, review the statute under the four-part test announced in *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, syllabus, to determine whether the ordinance qualifies as a general law; and (3) determine whether the ordinance conflicts with the statute. *Concealed Carry* at ¶ 24-26. However, the Supreme Court expressly stated that "[i]f the ordinance is one relating solely to matters of self-government, 'the [three-step] analysis stops, because the Constitution authorizes a municipality to exercise all powers of local self-government within its jurisdiction.'" *Id.* at ¶ 24, quoting *Am. Fin. Servs. Assn. v. Cleveland*, 112 Ohio St.3d 170, 2006-Ohio-6043, ¶ 23. The power of taxation is among the grant of authority to exercise all powers of local government contained in the Home Rule Amendment. *State ex rel. Zielonka v. Carrel*, 99 Ohio St. 220, 227 (1919).

**{¶ 11}** This court previously considered a constitutional challenge to Section 858.01 in *S.B. Carts, Inc. v. Village of Put-in-Bay*, 161 Ohio App.3d 691, 2005-Ohio-3065 (6th Dist.). In that case, the parties disputed at the trial court level whether the assessment in Section 858.01 was a fee or a tax. The trial court concluded the assessment was a tax. *S.B.*

6.

*Carts* at ¶ 5-7.  On appeal to this court, the only two issues were (1) whether Ohio law prevented the village from imposing the tax upon businesses with vehicles for hire, and (2) whether the tax violated the Equal Protection Clauses of the Ohio Constitution and the United States Constitution.  *Id*. at ¶ 9. Because this court construed Section 858.01 as a tax in the course of its analysis in *S.B. Carts*, we construe Section 858.01 as a tax here.

{¶ 12} Construing Section 858.01 as a tax, then, we need not engage in the complete three-step analysis outlined in *Concealed Carry*.  Rather than a three-step home-rule analysis, the issue becomes one of preemption.  The trial court relied on the Supreme Court's decision in *Firestone* for the proposition that "[n]o municipality in this state has power to levy such excise tax in addition to that levied by the state for similar purposes." *Firestone* at syllabus.  The trial court then concluded that because R.C. 4503.02 levies an annual license tax upon the operation of motor vehicles, R.C. 4504.02 enables counties to enact a tax of $5 per motor vehicle, and R.C. 4504.06 permits municipalities to levy an annual license tax upon the operation of motor vehicles on the public roads or highways where the county has not done so, Section 858.01 is for a "similar purpose" of a tax already levied by the state and, thus, is impermissible.

{¶ 13} However, more than 60 years after its decision in *Firestone*, the Supreme Court of Ohio issued its decision in *Cincinnati Bell Tel. Co. v. Cincinnati*, 81 Ohio St.3d 599 (1998), which held that "[t]he taxing authority of a municipality may be preempted or otherwise prohibited only by an express act of the General Assembly."  *Cincinnati Bell* at syllabus.   This decision expressly overruled a line of cases applying the doctrine of

7.

implied preemption that originated in *Firestone*, clarifying that the appropriate inquiry is one of express preemption. *Id*. at syllabus (overruling the Supreme Court's previous decision in *Cincinnati v. Am. Tel. & Tel. Co.*, 112 Ohio St. 493 (1925), upon which *Firestone* relied, and its decision in *Haefner v. Youngstown*, 147 Ohio St. 58 (1946), which relied on *Firestone*). While *Cincinnati Bell* did not expressly overrule *Firestone*, we agree with the village that *Firestone* does not contain an accurate recitation of the current law in Ohio. *See New York Frozen Foods, Inc. v. Bedford Heights Income Tax Bd. of Review*, 150 Ohio St.3d 386, 2016-Ohio-7582, ¶ 29 ("the preclusive power of state law is confined to those limitations that are expressly stated in the state legislation—there is no implied preemption of local tax law"). Instead, we rely on *Cincinnati Bell* and the doctrine of express preemption. Our inquiry, then, is whether the General Assembly has acted to expressly preempt or prohibit the ability of a municipality to impose a tax on a business that operates vehicles for hire.

{¶ 14} Following *Cincinnati Bell*, the General Assembly enacted R.C. 715.013, which provides:

> (A) Except as otherwise expressly authorized by the Revised Code, no municipal corporation shall levy a tax that is the same as or similar to a tax levied under Chapter 322., 3734., 3769., 4123., 4141., 4301., 4303., 4305., 4307., 4309., 5707., 5725., 5726., 5727., 5728., 5729., 5731., 5735., 5736., 5737., 5739., 5741., 5743., 5747., 5749., or 5751. of the Revised Code.

8.

Appellees do not allege that Section 858.01 is the same as or similar to any of the statutes enumerated in R.C. 715.013. Moreover, we have examined these provisions of the Revised Code and do not find any express statutory prohibition of the tax imposed by Section 858.01.

{¶ 15} Further, the statutes cited by the trial court similarly do not expressly preempt or prohibit Section 858.01. Though R.C. 4504.06 seems similar, at first blush, by permitting a municipal corporation to "levy an annual license tax * * * upon the operation of motor vehicles on the public roads or highways" at the rate of $5 per motor vehicle, this statute makes no mention of a tax imposed on a *business* operating a vehicle-for-hire company. By the plain language of Section 858.01, it applies to businesses based on the size of their vehicle-for-hire fleets, and it is not an annual license tax of the type contemplated in R.C. 4504.06. *See S.B. Carts* at ¶ 12 (concluding that "[w]hile the legislature of this state authorized certain vehicle-license taxes * * *, it has not acted affirmatively to limit a municipality's authority to impose a special tax on vehicles for hire," and finding Section 858.01 to be "a valid exercise of the village's taxing power"). Thus, we conclude, as we did in *S.B. Carts*, that Section 858.01 is a valid exercise of the village's taxing power.

{¶ 16} Appellees next argue that even if we were to find Section 858.01 to be a valid exercise of the village's taxing power under the Home Rule Amendment, the

9.

ordinance is nonetheless unconstitutional under Article XII, Section 5a of the Ohio Constitution, which provides:

> No moneys derived from fees, excises, or license taxes relating to registration, operation, or use of vehicles on public highways, or to fuels used for propelling such vehicles, shall be expended for other than costs of administering such laws, statutory refunds and adjustments provided therein, payment of highway obligations, costs for construction, reconstruction, maintenance and repair of public highways and bridges and other statutory highway purposes, expense of state enforcement of traffic laws, and expenditures authorized for hospitalization of indigent persons injured in motor vehicle accidents on the public highways.

Appellees assert that because no Ohio statute authorizes the village to assess the tax under Section 858.01, it is therefore invalid under Section 5a.

{¶ 17} In *Garrett v. Cincinnati*, 166 Ohio St. 68 (1956), the Supreme Court of Ohio explained that Section 5a "is a limitation only on the use of state-imposed fees, excise and license taxes and is not applicable to fees imposed by municipal corporations." *Id*. at 69. Thus, because Section 858.01 is tax imposed by a municipality, Section 5a does not operate to limit it. Accordingly, we reject appellees' argument that Section 5a provides an alternate ground of affirmance of the trial court's decision.

10.

{¶ 18} Having concluded that Section 858.01 is a valid exercise of the village's taxing power, the trial court erred when it granted appellees' motions to dismiss. Therefore, we sustain the village's first assignment of error.

### IV.  Second Assignment of Error – Res Judicata and Stare Decisis

{¶ 19} In its second assignment of error, the village asserts the trial court erred when it failed to apply the doctrines of res judicata and/or stare decisis when it considered appellees' motions to dismiss.  However, having determined in our resolution of the village's first assignment of error that the trial court erred in granting appellees' motions to dismiss, the village's second assignment of error is, therefore, moot and we need not address it.

### V.  Disposition

{¶ 20} Based on the foregoing reasons, the trial court erred when it granted appellees' motions to dismiss as Section 858.01 is a valid exercise of the village's taxing power.  Having sustained the village's first assignment of error, which rendered moot the village's second assignment of error, we reverse the judgments of the Ottawa County Court of Common Pleas and remand the matter to that court for further proceedings consistent with this decision.  Pursuant to App.R. 24, costs are assessed to appellees.

Judgments reversed; cause remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Susan D. Brown, J.                    _____
                                                    JUDGE

Betsy Luper Schuster, J.
CONCUR.                               _____
                                                    JUDGE



Jennifer Brunner, J.                  _____
CONCURS IN PART AND                                 JUDGE
DISSENTS IN PART.


Judges Susan D. Brown, Betsy Luper Schuster, and Jennifer Brunner, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.


**BRUNNER, J., concurs in part and dissents in part.**

{¶ 21} I concur with the majority in reversing the trial court's decision, but I

respectfully dissent from the majority's decision on the basis for reversal. I would remand

12.

the matter to the trial court with instructions that it vacate its decision as to the state constitutional question and rather determine whether the ordinance, Section 858.01 of the Codified Ordinances of the Village of Put-in-Bay ("Section 858.01"), applies to appellees. I would instruct the trial court that it must strictly construe the ordinance against the Village of Put-in-Bay (the "village"), because it imposes a criminal penalty for violation.

{¶ 22} Even through our review is de novo, we are bound by the same law as the trial court, that is, to avoid constitutional questions if matters can be settled with a legal analysis. *Hall China Co. v. Pub. Util. Comm.,* 50 Ohio St.2d 206, 210 (1977) ("Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary. *State, ex rel. Herbert, v. Ferguson* (1944), 142 Ohio St. 496."). In short, the question of whether the assessment of Section 858.01 is a fee or a tax need not be considered if the ordinance does not apply to appellees.

{¶ 23} In this such analytical posture, I would remand for the reason that the trial court held a hearing and is in the best position to know whether additional facts need to be adduced, and, thereby, to determine the facts on which a legal ruling must be based. Appellees dispute whether the law applies to them factually, legally, and constitutionally. When parties dispute whether their actions were sufficient to satisfy specific terms "in either a civil or criminal trial, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. * * * On appeal a reviewing court must defer to the determination of the [trier of fact] as to such issues, because it was in the best position to observe the witness' demeanor, voice inflection and mannerisms."

13.

(Citations omitted.) *Savoy Hospitality, LLC* v. 5839 *Monroe St. Assocs. LLC*, 6th Dist. No. L-14-1144, 2015-Ohio-4879, ¶ 28.  And since the Supreme Court of Ohio in *Cincinnati Bell Tel. Co. v. Cincinnati,* 81 Ohio St.3d 599 (1998) did not overrule its longstanding decision, *Firestone v. Cambridge,* 113 Ohio St. 57 (1925), barring application of Section 858.01 based on the preemption doctrine, I hold great concern summarily treating *Firestone* as overruled and no longer applicable under any circumstance, especially since Section 858.01 imposes a criminal penalty for failure to comply with it.

{¶ 24} In conducting statutory interpretation of criminal laws we are bound under the rule of lenity (now codified for state statute in R.C. 2901.04(A)).  "This court has stated that the rule of lenity requires that a court 'not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous.' *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38." *State v. Stevens*, 139 Ohio St.3d 247, 2014-Ohio-1932, ¶ 12.  It is apparent that the state of the law on state constitutional Home Rule Amendment as applied to Section 858.10 contains such ambiguity that we cannot first resolve it as an appellate court unless specific facts are found and the law applied to them; and then the matter must be construed according to the rule of lenity in this criminal law context.  *See also Rewis v. United States*, 401 U.S. 808, 812 (1971). The rule of lenity applies to municipal ordinances:

> In the criminal context, the rule of lenity provides that statutes defining offenses or penalties shall be strictly construed against * * * The

14.

"touchstone" of the rule of lenity is "statutory ambiguity." * * * If a statute is not ambiguous, the rule of lenity does not apply. *United States v. Johnson*, 529 U.S. 53, 59, 120 S. Ct. 1114, 146 L. Ed. 2d 39 (2000) ("Absent ambiguity, the rule of lenity is not applicable to guide statutory interpretation.").

(Citations omitted.) *Columbus v. Mitchell*, 10th Dist. No. 16AP-322, 2016-Ohio-7873, ¶ 6. Because "statutory ambiguity" necessarily involves not only the criminal municipal ordinance of the unincorporated statutory village, Put-in-Bay, but also the application of the state constitution to the validity of the ordinance and its relationship to state statutes relating to motor vehicles, lenity applies.

{¶ 25} While some would say that resolving the tension between these enactments is our role, I do not agree with the majority that we can simply say *Cincinnati Bell* overruled *Firestone,* when the Supreme Court did not, itself, say so. Taking all of these enactments together, which is necessary to answer the question, I find a lack of clarity about whether the ordinance applies to appellees. As such, the rule of lenity requires strict construction against the village. It is more appropriately the trial court, first making factual findings and thereafter applying the ordinance to appellees, that should make this determination. In doing so, it must strictly construe Section 858.01 against the village, because the ordinance requires a criminal penalty. That the trial court has previously found the ordinance to be a tax and this Sixth District Court of Appeals performed an

15.

analysis using that characterization does not bind the trial court from considering the ordinance based on its application to these appellees.

{¶ 26} Rather than to resolve state constitutional questions, I would reverse the trial court's decision, remand and instruct the trial court to use strict construction in keeping with the rule of lenity to determine if Section 858.01 applies to appellees. Rather than interpret anew the state constitution, we should first apply its more basic principles to ensure a constitutionally sound criminal proceeding. Because the trial court is in the best position to do that, I would remand with instructions that it proceed consistent with this opinion.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

16.